# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA,

      **Plaintiff,**

-vs-                 Case No.  **6:13-cv-1609-Orl-31DAB**

JEROME HENNIGAN,

      **Defendant.**

_____

## ORDER

  This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL (Doc. No. 29)** |
| **FILED:** | **June 20, 2014** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.  No opposition was timely filed.

  Plaintiff filed suit against Defendant for claims arising out of the unpaid balance on a student loan totaling approximately $121,000.  Doc. 1.  On April 14, 2014, Plaintiff served on Defendant Hennigan its First Request for Production seeking documents related to the student loan at issue, and the responses were due on May 20, 2014.  When Defendant failed to respond, Plaintiff filed its Motion to Compel on June 20, 2014.  Doc. 29.  Defendant has not filed a timely response to the Motion to Compel.

  The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based

on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Federal Rule of Civil Procedure 34, allows a party to serve on any other party a request to produce and permit the requesting party to inspect, copy, test, or sample any designated documents or electronically stored information in party's possession, custody, or control. FED. R. CIV. P. 34(a). Under Rule 26 relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978). Rule 26 restricts the scope of discovery to the claims or defenses of the parties, rather than merely the subject matter. *Donahay v. Palm Beach Tours & Transp., Inc.,* 242 F.R.D. 685, 687 (S.D. Fla. 2007). Defendant has not presented any objection or opposition to the discovery sought.

Pursuant to Federal Rule of Civil Procedure 37, the Court may impose discovery sanctions, including dismissal, when the party fails to obey an order to provide or permit discovery. FED. R. CIV. P. 37(b)(2). Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process. *Gratton v. Great American Communications*, 178 F.3d 1373, 1374-75 (11th Cir. 1999) (affirming dismissal of suit for discovery abuse where trial court found that plaintiff bore "substantial responsibility" for the delays in discovery and that the defendants were not at all at fault). Rule 37(b)(2) provides a range of sanctions that a district court may impose upon parties and their attorneys for failure to comply with the court's discovery orders. It provides that the court, in its discretion, may impose, among others, the following sanctions: (1) the court may order that disputed facts related to the violated order be considered established in accordance with the claim of the party obtaining the sanctions order; (2) the court may refuse to permit the violating party to raise certain defenses, or it may prohibit that party from opposing certain claims or defenses of the party obtaining the sanctions order; (3) the court may strike any pleadings or any parts of the

pleadings of the violating party, stay the proceedings, or even dismiss the action or render a judgment of default against the violating party; and (4) the court may treat the violation as contempt of court. FED. R. CIV. P. 37(b)(2).

Defendant Hennigan  is **ORDERED** to produce the responsive documents within 14 days of the date of this Order.   Defendant Hennigan  is **ADMONISHED** that failure to comply with this Order may result in the imposition of appropriate sanctions pursuant to Rule 37 – **including having a default entered against him** for failure to cooperate in discovery and for failure to comply with the Court's Order regarding discovery.

**DONE** and **ORDERED** in Orlando, Florida on July 9, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-3-